UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE FIGUEROA

                  Plaintiff,

      vs.

WHITMANS RESTAURANT GROUP LLC,


              Defendant.
- - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

**Case No.: 1:17-cv-**

**JURY TRIAL DEMANDED**

       Plaintiff, JOSE FIGUEROA (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues WHITMANS RESTAURANT GROUP LLC (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, <u>et. seq.</u>, of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:


<u>**JURISDICTION AND PARTIES**</u>

       1.This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, <u>et. seq.</u>, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3.      The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.      At the time of Plaintiff's visit to the Defendants' Subject Facility in August of 2017 prior to instituting the instant action, JOSE FIGUEROA (hereinafter referred to as "Plaintiff") was a resident of the State of New York and suffers from what constitutes a "qualified disability" under the Americans with Disability Act of 1990.  He is an individual with numerous disabilities including spinal stenosis which causes restriction to his spinal canal, resulting in neurological deficits.

5.      Upon information and belief defendant is authorized to conduct, and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendant's Property") and the owner of the improvements of the Subject Facility which is located at 406 East 9th Street New York, New York 10009 (hereinafter and heretofore referred to collectively as "Subject Facility").

6.      Upon information and belief the defendant maintains, manages and controls the Subject Facility, established as a restaurant, and is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises is located in the City and State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were Provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(i)      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(ii)      discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)      individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the

3

discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(i)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(ii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is a restaurant which provides goods and services to the public.

11.    The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

12.    Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C.§12182(b)(2)(a)(iv), where such removal is readily achievable.

13.    The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's Property, with the intention of using Defendant's facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the Restaurant in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access the Restaurant have effectively denied or diminished Plaintiff's ability to visit the property and have caused embarrassment, anxiety and frustration to the Plaintiff.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

15.     The Defendant's Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

Failure to provide accessible entrance due to the steps at said entrance to the Restaurant and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. These steps are insurmountable barriers to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The rise/step at the entrance to the Restaurant means there is no accessible route for the Plaintiff and individuals who use wheelchairs.

The steps at the entrance to the Restaurant violate 206.1, 206.2, and 206.2.1 by failing to provide accessible routes from the city sidewalk to the restaurant entrance.

The steps at the Restaurant door violate 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402.

The steps at the Restaurant door violate 303.1 by failing to ramp a rise over ½ inch.

The steps at the Restaurant door violate 404.2.4, which requires minimum maneuvering clearances at doorways; 404.2.4.3 by failing to provide adequate maneuvering

clearance for a recessed doorway. Changes in level are not allowed.

Required minimum maneuvering clearance not provided at entrance door to the Restaurant; Failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.3.

Inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables.

The flight of the interior stairs, to the  Restroom, create an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207.1; Failure to provide access to restroom, on lower level without an elevator and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.3. Failure to provide accessible entrance due to the step at said entrance to the restroom as required by 28 C.F.R. Part 36.

Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3.

Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2;

Failure to install the required rear grab bar in restroom, around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space as required by 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1. Failure to provide sufficient clear floor space/sufficient turning radius, in restroom, to provide safe adequate maneuverability

space, as required by 28 C.F.R. Part 36.

Failure to provide a clear path to the water closet that is the proper width as required by 2010 ADAAG § 403.5.1; Failure to provide accessible restroom door handle, that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28   C.F.R Part 36, Sections 4.13.9 and 4.27.4.

Failure to provide at least 17 inches depth clearance under lavatories as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath.

Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatory for accessibility, in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

Failure to provide an accessible locking mechanism on restroom door that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4. Photographs depicting some of the discriminatory barriers are annexed as _Exhibit A,_ made a part hereof and incorporated by reference herein.

16.     Upon information and belief, there are other current violations of the ADA at Defendant's Property, and only upon a full inspection can all said violations be identified.

17.     To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance  with the provisions of the ADA.

18.     Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R.

8

§36.304, the Defendants were required to make the Subject Facility,

a place of public accommodation, accessible to persons with disabilities

since January 28, 1992. To date, the Defendant has failed
to comply with this mandate.

19.    Pursuant to 42 U.S.C. §12188, this Court is vested with the

authority to grant the Plaintiff's injunctive relief; including an

order to alter the subject facility to make them independently

accessible to, and useable by, individuals with disabilities to the

extent required by the ADA, and closing the subject facilities

until the requisite modifications are completed. Defendants'

failure to remove the barriers to access constitutes a pattern and

practice of disability discrimination in violation of 42

U.S.C. sections 12188(b)(1)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. Sec.

503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

20.    The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person,
being the owner, lessee, proprietor, manager, superintendent, agent or
employee of any place or provider of public accommodation because
of the actual or perceived … disability … of any person, directly or
indirectly, to refuse, withhold from or deny to such person any of the
accommodations, advantages, facilities or privileges thereof … to the
effect that any of the accommodations, advantages, facilities and
privileges of any such place or provider shall be refused, withheld
from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

21.    Defendant is in violation of the New York City Human Rights Law by

denying the Plaintiff full and safe access to all of the benefits,

9

accommodations and services of the Subject Facility.

22.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1

through 22 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

23.     The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such

place shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

24.     Defendant's  Property is a place of public accommodation as defined

in the New York State Human Rights Law.

25.     The Defendant has further violated the New York State Human Rights

Law by being in violation of the rights provided under the ADA.

26.     Defendant is in violation of the New York State Human Rights Law by

denying the Plaintiff full and safe access to all of the benefits,

accommodations and services of the Subject Facility.

27.     The Defendant has failed to make all readily achievable accommodations

and modifications to remove barriers to access in violation of Executive

Law §296(2)(c)(iii).

28.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

27 as if set forth in their entirety here.

29.     As a direct and proximate result of the Defendant's unlawful

discrimination, in violation of the Executive Law, Plaintiff has suffered,

and continues to suffer emotional distress, including, but not limited to

humiliation, embarrassment, stress and anxiety.

## ATTORNEYS' FEES AND COSTS

30.     The Plaintiff has been obligated to retain the undersigned counsel for the

filing and prosecution of this action. The Plaintiff is entitled to have his

reasonable attorneys' fees, costs and expenses paid by the Defendant,

pursuant to the ADA and the New York City Human Rights Law.

Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including

compensatory damages contemplated by § 297(9).

## DAMAGES

33.     Plaintiff demands compensatory damages in the sum of TWENTY- FIVE

THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL

and the NYSHRL, severally;

## INJUNCTIVE RELIEF

34.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to

grant the Plaintiff's injunctive relief; including an order to alter the subject

facilities to make them readily accessible to, and useable by, individuals

with disabilities to the extent required by the ADA, the New York City

Human Rights Law, and the New York State Human Rights Law and

closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff hereby demands judgment against

the Defendant  and requests the following injunctive and declaratory relief:

A.   The Court declares that the subject property and Subject Facility

owned, operated, leased, controlled and/or administered by the

Defendant is violative of the ADA, the New York City Human Rights

Law, and of the New York State Human Rights Law;

B.   The Court enter an Order requiring the Defendant to alter their

facilities and amenities to make them accessible to and usable by

individuals with disabilities to the full extent required by the Title

III of the ADA, the NYCHRL and the NYSHRL;

D.   Award plaintiff compensatory damages in a sum of TWENTY-FIVE

THOUSAND DOLLARS ($25,000.00) per violation, of the NYCHRL

and the NYSHRL, severally;

E.   Issue a permanent injunction against the defendant, requiring defendant,

and all persons or entities in active concert therewith, to provide

accessible route into the restaurant at the Premises for individuals who

use wheelchairs, and to make all public portions of the Premises

accessible to him.

F.   Find that Plaintiff is a prevailing party in this lawsuit and award

reasonable attorney's fees, costs and expenses against defendant, and

award such other and further relief, at law or in equity, to which plaintiff

may be justly entitled and;

G.      The Court awards such other and further relief as it deems necessary, just

and proper.

**<u>JURY DEMANDED</u>**

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated:  Syosset, New York
            August 31st, 2017

                                                    _____
                                                                    S/S
                                                    Stuart H. Finkelstein, Esq.
                                                    Finkelstein Law Group, PLLC
                                                    Attorneys for Plaintiff
                                                    338 Jericho Turnpike
                                                    Syosset, New York 11791
                                                    Telephone: (718)261-4900

Exhibit "A"







